```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

In Re Enron Corporation        §
Securities, Derivative &       §         MDL-1446
"ERISA Litigation              §
                               §
MARK NEWBY, ET AL.,            §
                               §
          Plaintiffs           §
                               §
VS.                            §    CIVIL ACTION NO. H-01-3624
                               §         CONSOLIDATED CASES
ENRON CORPORATION, ET AL.,     §
                               §
          Defendants           §
JOE H. WALKER, et al.,         §
                               §
          Plaintiff,           §
                               §
VS.                            §    CIVIL ACTION NO. H-03-2345
                               §
ARTHUR ANDERSEN, LLP, et al.,  §
                               §
          Defendants.          §
```

## OPINION AND ORDER

Pending before the Court is Defendant Richard A. Causey's motion to dismiss state law claims[1] (instrument #216) for lack of personal jurisdiction in Tennessee under Federal Rule of Civil Procedure 12(b)(2).

Plaintiffs Joe H. Walker, Andre H. Walker, and Deborah C. Walker have been granted four extensions of time to respond to Causey's motion, which was filed on November 17, 2009. #219, 221, 223, and 224. The last order gave Plaintiffs until July 1, 2010

---

[1] The complaint asserts common-law claims for fraud, conspiracy, intentional infliction of emotional distress, and negligent misrepresentation under Tennessee law against former officers and members of the board of directors of Enron Corp. and Enron's auditor.

to file a response; they have failed to do so. #224. Accordingly the Court looks at the motion on the merits as a matter of law.

This action was originally filed in the Circuit Court for Davidson County, Tennessee, was removed to the United States District Court for the Middle District of Tennessee by Enron's former Outside Directors on diversity and "related to" bankruptcy jurisdiction, 28 U.S.C. § 1332(a)(1), 1334(b) and 1452, and was subsequently transferred here by the Judicial Panel on Multidistrict Litigation for pretrial proceedings coordinated with MDL 1446. Causey argues that therefore personal jurisdiction must exist over Causey in Tennessee. His motion, supported by an affidavit, asserts that he has no and has never had minimum contacts with Tennessee to support personal jurisdiction in Tennessee.

This Court disagrees. It has previously concluded that it has "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b) over this action, and it has not changed its mind. *See generally In re Enron Corp. Sec., Derivative, and "ERISA" Litig., Nos. MDL 1446*, et al., 2002 WL 32107216, *7-8 (S.D. Tex. Aug. 12, 2002); *In re Enron Corp. Sec., Derivative, and "ERISA" Litig.,* 314 BR 354, 357 (S.D. Tex. 2004). When a suit is in federal court on "related to" bankruptcy jurisdiction, as it was after removal in Tennessee and here, the sovereign exercising authority is the United States, not the particular state where it was originally filed. *Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1244 (7th Cir. 1990) *cert. denied*, 498 U.S. 1089 (1991).

Therefore the appropriate inquiry to determine whether a court may exercise personal jurisdiction over a defendant is whether that party has minimum contacts with the United States such that subjecting it to personal jurisdiction does not offend the Due Process Clause of the Fifth Amendment to the United States Constitution," so as to "comport with 'traditional notions of fair plan and substantial justice.'" *Id.*, *citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1990).[2] Causey clearly has more than minimum contacts with the United States.

Accordingly, the Court

ORDERS that Causey's motion to dismiss pursuant to

---

[2] As this Court held in *In re Enron Corp. Sec., Derivative, and "ERISA" Litig.*, 511 F. Supp. 2d 742, 790 (S.D. Tex. 2005),

> [W]here there is "related to" bankruptcy jurisdiction, as here, the personal jurisdiction challenge based on minimum contacts is irrelevant. 17 Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Fed. Prac.& Proc.*, § 4106 (2004 Supp.)("Bankruptcy Rule 7004 provides for nationwide service of process in adversary proceedings arising in the bankruptcy courts. Therefore in determining whether the bankruptcy court has personal jurisdiction over the adversary defendants, the relevant question to be asked is not whether defendants have minimum contacts with the forum state, but whether the defendants have sufficient contacts with the United States for the exercise of personal jurisdiction to comport with traditional notions fo fair play and substantial justice."). . . .

Federal Rule of Civil Procedure 12(b)(2) (instrument #216) is DENIED.

**SIGNED** at Houston, Texas, this 17th day of August, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE