IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA Litigation | § § § § | MDL-1446 |
| MARK NEWBY, ET AL., | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| ENRON CORPORATION, ET AL., | § § | |
| Defendants | § | |
| JOE H. WALKER, et al., | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-03-2345 |
| ARTHUR ANDERSEN, LLP, et al., | § § | |
| Defendants. | § | |

**OPINION AND ORDER**

        Pending before the Court in H-03-2345, asserting common-
law claims for common law fraud, conspiracy, intentional
infliction of emotional distress, and negligent misrepresentation
under Tennessee law against all Defendants, are the following
motions: (1) Defendant Jeffrey McMahon's ("McMahon's") motion to
dismiss or for more definite statement (instrument #124); (2)
Defendant Lawrence G. Whalley's ("Whalley's") motion to dismiss or
for more definite statement (#125); (3) Defendant Richard B. Buy's
("Buy's") motion to dismiss or for more definite statement (#126);

and (4) Defendant Andrew Fastow's ("Fastow's") motion to dismiss (#136).[1]

This action was originally filed in the Circuit Court for Davidson County, Tennessee, was removed to the United States District Court for the Middle District of Tennessee by Enron's former Outside Directors on diversity and "related to" bankruptcy jurisdiction, 28 U.S.C. § 1332(a)(1), 1334(b) and 1452, and was subsequently transferred here by the Judicial Panel on Multidistrict Litigation for pretrial proceedings coordinated with MDL 1446.

The governing pleading is the Complaint, first filed in the Circuit Court for Davidson County, Tennessee, attached to the Notice of Removal (#1, Exhibit 1).

Fastow moves for dismissal of the claims against him on the grounds that (1) Plaintiffs never obtained valid service of process upon him, (2) the Court lacks personal jurisdiction over him because the United States District Court for the Middle District of Tennessee from which the case was transferred lacks jurisdiction over him, and (3) the complaint fails to state a claim upon which relief may be granted and fails to satisfy the heightened pleading requirements of Rule 9(b), applicable to fraud allegations.

McMahon's, Whalley's and Buy's motions state that the fraud-based claims (fraud, negligent misrepresentation, conspiracy

---

[1] The remaining Defendants have all been dismissed.

to commit fraud are not pleaded with the particularity required by Federal Rule of Civil Procedure 9(b) while the claim for intentional infliction of emotional distress does not satisfy the fair notice requirement of Federal Rule of Civil Procedure 8(a). Therefore the complaint fails to state a claim for which relief can be granted against McMahon, Whalley, and Buy under Federal Rule of Civil Procedure 12(b)(6). Alternatively these Defendants request the Court to establish a deadline for the Walker Plaintiffs to amend their complaint and provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

The Court addresses Fastow's motion first. Although the Court granted the Walker Plaintiffs four extensions of time to respond to Fastow's motion to dismiss, the last being in instrument #168 on August 14, 2007, giving Plaintiffs until December 14, 2007 to respond, they have failed to do so. Although the affidavit of Joshua R. Walker, filed as instrument #84 on August 18, 2006 in support of Walker Plaintiffs' motion for default judgment,[2] stated that Fastow was served pursuant to Tennessee Rule of Civil Procedures 4.04(10) and 4.05 through a failed attempt at certified mail, Fastow points out that Plaintiffs judicially admitted in their "Fifth Circuit Supplement to Their Motion to Remand and Their Response to Defendants' Joint Motion to Amend and Joint Statement of Unanimous Consent," filed on August 6, 2003 nearly a year after the claimed service, that

---

[2] The motion for default was subsequently withdrawn (#94).

Fastow remained an "unserved Defendant[]."  (in *Newby*, #1610 at p.8 and n.6 ("Two Defendants, Arthur Andersen, LLP and Andrew S. Fastow, were not served with process at the time of the other Defendants, nor have they made an appearance in this action."))

Once a defendant has challenged the validity of service of process, a plaintiff bears the burden to show it was proper. *In re Katrina Canal Breaches Litig.*, 309 Fed. Appx. 833, 835 (5th Cir. 2009)(*citing Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)), *cert. denied sub nom. O'Dwyer v. Louisiana*, 130 S. Ct. 803 (2009).  Although Plaintiffs have failed to respond to the motion dismiss, their submissions elsewhere in the record demonstrate that Fastow was validly served under both Tennessee and federal law.

As noted, this case was originally filed in a Tennessee state court and removed to the United States District Court for the Middle District of Tennessee.  Federal Rule of Civil Procedure 4(c) places the burden on the plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. Under Federal Rule of Civil Procedure 4(e), service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  The affidavit of Joshua Walker (#84) states that Andrew Fastow was properly served under Tennessee Rules of Civil Procedure.  Tennessee Rule of Civil Procedure 4.05 states, "Whenever the law of this state authorizes service outside this state, the service, when reasonably

- 4 -

calculated to give actual notice, may be made:  (a) by any form of service authorized for service within this state pursuant to Rule 4.04 . . . ."  Rule 404(10) states in relevant part,

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute.  After the complaint is filed, the clerk shall, upon request, furnish the original summons and certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail.  Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant. . . .

Rule 4.05.5 provides,

> When service of summons, process, or notice is provided for or permitted by registered or certified mail, under the laws of Tennessee, and the addressee, or the addressee's agent, refuses to accept delivery, and it is so stated in the return receipt, if returned and filed in the action, shall be deemed an actual and valid service of the summons, process, or notice.  Service by mail is complete upon mailing.  For purposes of this paragraph, the United States Postal Service notation that a properly addressed registered or certified letter is "unclaimed," or other similar notation, is sufficient evidence of the defendant's refusal to accept delivery.

Walker's affidavit states that "[a] certified copy of the summons and a copy of the complaint were sent by certified receipt mail to Andrew S. Fastow at the address of 1831 Wroxton, Houston, Texas 77005 on November 8, 2002."  Attached to the affidavit is a copy of the return receipt, returned to Plaintiffs' law firm, reflecting the mailing was "unclaimed."  Moreover the affidavit

and the attached return receipt constitute the proof of service that must be filed with the court under Federal Rule of Civil Procedure 4(l) unless service is waived.   Thus the record indicates that Fastow was properly served under both the Tennessee and Federal Rules of Civil Procedure.   The attorney who filed #1610 in *Newby* was not the same as the one that filed #84 in the instant case, and his error does not "undo" that service of summons and process on Fastow under Tennessee law.

Fastow's second ground for dismissal, lack of personal jurisdiction here because Fastow lacks sufficient contacts with Tennessee, from which this case was transferred for pretrial proceedings by the Judicial Panel on Multidistrict Litigation, was previously raised by Richard Causey and denied by this Court (#226).[3]  This Court has previously concluded that it has "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b) over this action, and it has not changed its mind. *See generally In re Enron Corp. Sec., Derivative, and "ERISA" Litig., Nos. MDL 1446,* et al., 2002 WL 32107216, *7-8 (S.D. Tex. Aug. 12, 2002); *In re Enron Corp. Sec., Derivative, and "ERISA" Litig.,* 314 BR 354, 357 (S.D. Tex. 2004).   When a suit is in federal court on "related to" bankruptcy jurisdiction, as it was after removal in Tennessee and here, the sovereign exercising authority is the United States, not the particular state where it was originally filed.   *Diamond*

_____

[3] Also available as *In re Enron Corp., Sec., Derivative & ERISA Litig.*, Civ. A. No. H-01-3624, 2010 WL 3257338 (S.D. Tex. Aug. 17, 2010).

- 6 -

*Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1244 (7th Cir. 1990) *cert. denied*, 498 U.S. 1089 (1991).   Therefore the appropriate inquiry to determine whether a court may exercise personal jurisdiction over a defendant is whether that party has minimum contacts with the United States such that subjecting it to personal jurisdiction does not offend the Due Process Clause of the Fifth Amendment to the United States Constitution," so as to "comport with 'traditional notions of fair plan and substantial justice.'"  *Id.*, *citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1990).[4]   Fastow clearly has more than minimum contacts with the United States.   Nor does the Court find that it would offend traditional notions of fair play and substantial justice to haul him into Court in Tennessee given the expansive alleged fraud against the former Enron officers.

---

[4]As this Court held in *In re Enron Corp. Sec., Derivative, and "ERISA" Litig.*, 511 F. Supp. 2d 742, 790 (S.D. Tex. 2005),

> [W]here there is "related to" bankruptcy jurisdiction, as here, the personal jurisdiction challenge based on minimum contacts is irrelevant.  17 Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, *Fed. Prac.& Proc.,* § 4106 (2004 Supp.)("Bankruptcy Rule 7004 provides for nationwide service of process in adversary proceedings arising in the bankruptcy courts.   Therefore in determining whether the bankruptcy court has personal jurisdiction over the adversary defendants, the relevant question to be asked is not whether defendants have minimum contacts with the forum state, but whether the defendants have sufficient contacts with the United States for the exercise of personal jurisdiction to comport with traditional notions of fair play and substantial justice."). . . .

Fastow cites a contrary decision, *Stangel v. Johnson & Madigan, P.L.L.P.*, Cause No. 3:99-CV-1518-D. 1999 WL 1134962 (N.D. Tex. Dec. 8. 1999), *aff'd*, 228 F.3d 409 (5th Cir. 2000)(Table). *Stangel* is easily distinguishable from the instant case because Stangel failed to allege a single fact showing, and thus failed to make a prima facie case, that his claims could have a conceivable effect on the bankruptcy case, as noted by the Fifth Circuit's opinion affirming the district court's order. *Id.*, 228 F.3d at *1.

Therefore the Court examines the claims against all four Defendants under the Federal Rules of Civil Procedure 8(a), 9(b) and 12(b)(6).  The Court notes that the Complaint was filed in while the case was pending in Tennessee state Court, according to the Notice of Removal, and thus not then subject to federal pleading standards.

## Standards of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

- 8 -

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008). "'A claim has facial

- 9 -

plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V. (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011).

Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir.

2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985). "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Id.* Instead there should be a clear record of delay or contumacious conduct and a finding that lesser sanctions would not serve the system of justice. *Id., citing Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614 F.2d 529, 531 (5TH Cir. 1980).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading

deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]").  The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

Fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim.  *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation

of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5ᵗʰ Cir. 2005).

"Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5ᵗʰ Cir. 2001); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5ᵗʰ Cir. 1994). The rule applies to claims for negligent misrepresentation where the factual allegations underlying it and a fraud claim are the same. *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5ᵗʰ Cir. 2003)("Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims. . . . That is the case here, as Benchmark's fraud and negligent misrepresentation claims are based on the same set of alleged facts."), *citing Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5ᵗʰ Cir. 1997); *Berry v. Indianapolis Life Ins. Co. ("Berry II")*, No. 3:08-CV-0248-B, 2010 WL 3422873, *16 (N.D. Tex. aug. 26, 2010), *citing Benchmark* and *Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 737 (N.D. Tex. 2008)(dismissing negligent misrepresentation claim based on the same operative facts as an insufficient fraud claim).

The pleading standards of *Twombly* and Rule 9(b) also apply to pleading a state law claim of conspiracy to commit fraud. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5ᵗʰ Cir. 2009)("a plaintiff alleging a conspiracy to commit fraud must

'plead with particularity the conspiracy as well as the overt acts
. . . taken in furtherance of the conspiracy'"), *quoting FC Inv.
Group LLC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir.
2008).  If Plaintiffs fail to state a claim for fraud underlying
their civil conspiracy claim, the civil conspiracy claim must be
dismissed, too.  *Allstate Ins. Co. v. Receivable Finance, Inc.,*
501 F.3d 398, 414 (5th Cir. 2007); *American Tobacco Co., Inc. v.
Grinnell*, 951 S.W. 2d 420, 438 (Tex. 1997)("Allegations of
conspiracy are not actionable absent an underlying [tort]");
*Krames v. Bohannon Holman LLC*, No. 3:06-CV-2370-0, 2009 WL 762205,
*10 (N.D. Tex. Mar. 24, 2009).

       Federal Rule of Civil Procedure 12(e) provides, "A party
may move for a more definite statement of a pleading to which a
responsive pleading is allowed but which is so vague or ambiguous
that the party cannot reasonably prepare a response."  Such a
motion is appropriate where "a pleading fails to specify the
allegations in a manner that provides sufficient notice."
*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  Such a
motion is "generally disfavored and is used to provide a remedy
only of an unintelligible pleading rather than a correction for
lack of detail"; "it is not intended to correct a claimed lack of
detail." *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D.
Tex. 2001); *Sheffield v. Orius Corp.,* 211 F.R.D. 411, 414 (D. Or.
2001).

       Federal Rule of Civil Procedure 15(a) provides in
relevant part,

- 15 -

> A party may amend the party's pleading once
> as a matter of course at any time before a
> responsive pleading is served or, if the
> pleading is one to which no responsive
> pleading is permitted and the action has not
> been placed upon the trial calendar, the
> party may so amend it at any time within 20
> days after it is served.  Otherwise a party
> may amend the party's pleading only by leave
> of court or by written consent of the adverse
> party; and leave shall be freely given when
> justice so requires.

A court has discretion in deciding whether to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 181 (1962).  Since the language of the rule "'evinces a bias in favor of granting leave to amend," the court must find a "substantial reason" to deny such a request. *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. A. No. H-05-4389, 2006 WL 2521411, *3 (S.D. Tex. Aug. 29, 2006), *quoting Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), and *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Factors for the court to consider in determining whether there is a substantial reason to deny leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ."  6 Charles A. Wright, Arthur R.

Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

      The Court has reviewed the Complaint and agrees with Defendants that it fails to allege facts that describe the particular acts of each of these moving Defendants that purportedly make each potentially liable under each of the four causes of action, three[5] of which are subject to the heightened pleading requirements of Rule 9(b).[6]   Instead the Complaint

---

      [5] The elements of fraud under Tennessee law are (1) an intentional misrepresentation of a material fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the representation, and (4) the misrepresentation must involved a past or existing fact. *Kincaid v. South Trust Bank*, 221 S.W. 3d 32, 40 (Tenn. Ct. App. 2006).   The knowledge element contemplates that representation being made knowingly, without belief in its truth, or recklessly.   Under Rule 9(b) Plaintiffs must allege with specificity "the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin*, 407 F.3d at 696.
      For civil conspiracy to defraud Plaintiffs must allege with specificity (1) a common design between two or more persons (2) to accomplish by concerted action an unlawful purpose or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy and (4) resulting injury. *Kincaid*, 221 S.W. 3d at 38.
      For negligent misrepresentation Plaintiffs must allege and ultimately prove by a preponderance of the evidence that the defendant, acting in the course of his business or employment or in a transaction in which he has a pecuniary interest, supplied information to the plaintiff to guide the plaintiff in a business transaction,, that the information was false, that the defendant did not exercise reasonable care in obtaining or communicating the information, and that the plaintiff justifiably relied on the information. *Cato v. Batts*, No. M2009-02204-COA-R3CV, 2011 WL 579153, *6 (Tenn. Ct. App. Feb. 17, 2011), *citing Strange v. Peterson*, No. W1999-00489-COA-CV, 2001 WL 29461, *2 (Tenn. Ct. App. Jan. 11, 2001), and *Robinson v. Omer*, 952 S.W. 2d 423 (Tenn. 1997)(citing *Restatement (Second) of Torts* § 552).

      [6] For intentional infliction of emotional distress under Tennessee law, subject to Rules 8(a) and 12(b)(6), Plaintiffs must

abstractly and formulaically mentions the elements of each cause of action.

Accordingly, the Court

ORDERS that Fastow's motion to dismiss (#136) for invalid service and for lack of personal jurisdiction is DENIED. McMahon's, Whalley's, Buy's, and Fastow's motions to dismiss for failure to state a claim (#124, 125, 126, and 136), respectively) are GRANTED.  Since their alternative motions for more definite statement under Rule 12(e) are not appropriately designated because the Walker Plaintiffs' Complaint is not so vague and ambiguous as to preclude a reasonable response, but instead requires greater detail, the Court grants them leave to amend under Federal Rule of Civil Procedure 15(a).  Accordingly within twenty days of receipt of this order, Plaintiffs shall file an amended complaint to satisfy the Federal Rules of Civil Procedure. Defendants shall file timely responsive pleadings.

**SIGNED** at Houston, Texas, this  11th  day of  August ,
2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

allege (1) conduct that is intentional or reckless, (2) and so outrageous that it is not tolerated by civilized society, and (3) and must result in serious mental injury. *Bain v. Wells*, 936 S.W. 2d 618, 622 (Tenn, 1997).  The last element, serious mental injury is that in which "'the distress is so severe that no reasonable [person] could be expected to endure it.'" *Miller v. Willbanks*, 8 S.W. 3d 607, 615 n.4 (Tenn. 1999)(quoting *Restatement (Second) of Torts* § 46 cmt. j (1965)).